**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

In re:
MATTHEW BRUCE HINTZE, and
LARINA K. HINTZE,
    Debtors.
_____/   Case No. 12-10462 (KKS)

JOHN SPENCE, et al.
    Plaintiffs/Counterclaim-Defendants,

v.   Adv. No. 13-01007 (KKS) Chapter 7

MATTHEW BRUCE HINTZE, and
LARINA K. HINTZE,
    Defendants/Counterclaim-Plaintiffs
_____/

**PLAINTIFFS' MOTION TO (A) ENFORCE ORDER (DOC. 758), (B) COMPEL PRODUCTION OF DOCUMENTS, AND (C) FOR SANCTIONS RELATED TO FOLDS & WALKER, LLC'S FAILURE TO COMPLY WITH ORDER, AND <u>REQUEST FOR HEARING</u>**

Plaintiffs John Spence, Sheila Spence, InterMed Biomedical Services, Inc., David Whitney, and FLH Holdings of Florida, LLC (collectively, "Plaintiffs"), hereby move to have the Court enforce its *Order Granting Plaintiffs' Motion (1) to Compel Production and (2) for Sanctions Related to Defendants' Withdrawn Motion for Protective Order and Assertion of Privilege in Regard to Plaintiffs' Request for Production Dated August 18, 2014 (Doc. 442)* (Doc. 768) (the "Order") related to *Plaintiff David Whitney's Subpoena to Produce Documents in and Adversary Proceeding to Folds & Walker, LLC* ("Folds & Walker")*,* dated December 9, 2015 (the "Subpoena"). A true and correct copy of the Order is attached and incorporated as Exhibit A, and a copy of the Subpoena is attached and incorporated as Exhibit B.

**BACKGROUND**

On December 23, 2015, Folds & Walker served its Objection to the Subpoena (the "Objection"), a true and correct copy of which is attached and incorporated as Exhibit C. On April 22, 2016, the Court entered the Order.

Paragraph 3 of the Order provides as follows:

> The **Defendants [Matthew and Larina Hintze] are deemed to have waived all attorney-client communication and work product privilege relating to communications between Defendants and Folds & Walker from June 17, 2011 through May 13, 2014.** Defendants shall direct Folds & Walker to produce all such communications with Defendants relating to (a) TZ I, (b) TutoringZone II, LLC ("TZ II"), and (c) any negotiations relating to Matthew Hintze, Larina Hintze, or TZ I or TZ II with any creditors or potential purchasers of any interest in the rights of Matthew Hintze, Larina Hintze, and/or TZ I and/or TZ II from June 17, 2011 through May 13, 2014.

Ex. B at ¶ 3 (emphasis added).

The undersigned counsel has made numerous requests to both Defendants and Folds and Walker to urge them to comply with their respective obligations under the Order. Upon information and belief, the Defendants have, as required by the Order, directed Folds and Walker to provide the documents required by the Order. To date, however, Folds & Walker has failed to provide documents. As reflected in Mr. Walker's February 17, 2017 letter to the undersigned counsel, Folds & Walker continues to assert spurious claims of attorney-client and work product privilege in relation to the Order and the Subpoena. *See* Ex. D, correspondence from Scott Walker, Esq. dated February 17, 2017.

Folds & Walker's lack of compliance and unsubstantiated assertions of privilege relating to the documents that are being withheld, and which they seek to conceal through the spurious assertions of privilege, are not made in good faith. Further, to the extent that any claim of privilege is facially applicable, Plaintiffs request that the Court compel production of the

withheld responsive documents pursuant to the crime-fraud exception to the attorney-client and work product privilege. Additionally, Plaintiffs respectfully request that Folds & Walker be held in contempt for its failure to comply with the dictates of Paragraph 3 of the Order, *supra.*

## MEMORANDUM OF LAW

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) [made applicable by Rule 7037, Federal Rules of Bankruptcy Procedure] are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id*.

Here, the Court has already directed that Folds & Walker produce the identified in the Order and Subpoena; however, in an effort to avoid producing the requested documents, Folds & Walker makes the implication that, irrespective of the Court's express language in Paragraph 3 of the Order, it is not binding on Folds & Walker because it is "unaware of any findings of fact or memorandum of law associated with the [Court's] ruling of waiver." *See* Exhibit D at 2. Folds & Walker's stated reason for failing to comply with this Court's directives is wholly unacceptable and should not be countenanced by the Court.

Folds & Walker's blatant and unveiled attempt to frustrate the ruling of the Court as reflected in the Order, combined with its refusal to produce documents on additional spurious grounds (*i.e.*, the fact it is "not aware" of any additional support for this Court's ruling) constitutes sanctionable conduct. Plaintiffs have incurred additional fees and costs directly attributable to Folds and Walker's misconduct.

## DECLARATION OF GOOD FAITH CONFERENCE

Pursuant to Loc. R. 7026-1, the undersigned Counsel declares and certifies that since April

22, 2016, up to and including January 24, 2017, among other times, he has communicated and conferred with Folds & Walker and held teleconferences with S. Scott Walker. Esq., in a good faith effort to resolve by agreement the issues raised herein, prior to filing this Motion. The undersigned and Folds & Walker have been unable to resolve the discovery disputes raised herein.

WHEREFORE, Plaintiffs request that the Court enter an Order:

(A) Ordering the immediate production of all documents relating to communications between and among the Folds & Walker, LLC, Defendants, TZ I, TZ II, Mr. James, Ms. Frenchman, and Mr. Childers, and their agents during the period from April 1, 2012 to November 1, 2012; and such other date as the Court may deem appropriate, including January 2010 through the present;

(B) Holding Folds & Walker, LLC, in contempt for failing to comply with the directives of this Court as set forth in Paragraph 3 of the Court's April 22, 2016 Order.

(B) Award Plaintiffs their attorneys' fees and costs associated with bringing this Motion and pursuing withheld document production from Defendants; and

(C) For all other relief that the Court deems appropriate.

Respectfully submitted this 2d day of March 2017.

WILCOX LAW FIRM

**/s/ *Robert Wilcox***
Robert D. Wilcox
Florida Bar No.: 755168
Elizabeth R. P. Bowen
Florida Bar No. 097297
820 North Highway A1A, Suite W-15
Ponte Vedra Beach, FL 32082
Telephone: (904) 405-1248
rw@wlflaw.com
eb@wlflaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed through the ECF system on March 2, 2017, which will provide a copy to all parties who have consented to such service. In addition, I have caused a copy to served either by ECF electronic service or U.S. mail, postage prepaid and properly addressed, to:

Justin Luna, Esq.
jluna@lsbelaw.com
Latham, Shuker, et al.
111 Magnolia Ave., Suite 1400
Orlando, Florida 32801


Scott Walker, Esq.
scott@foldsandwalker.com
Fold & Walker, LLC
527 E. University Ave.
Gainesville, FL 32601


                        /s/ **_Robert Wilcox_**
                        Robert D. Wilcox, Attorney