**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>MATTHEW BRUCE HINTZE, and<br>LARINA K. HINTZE,<br><br>    Debtors.<br><br>_____<br><br>JOHN SPENCE, *et al*.<br>    Plaintiffs,<br><br>v.<br><br>MATTHEW BRUCE HINTZE,<br>LARINA K. HINTZE, *et al*.,<br><br>    Defendants. | Case No. 12-10462 (KKS)<br>Chapter 7<br><br><br><br>Adv. No. 13-01007 (KKS) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
RE: MOTION FOR TAXATION OF COSTS** *(DOC. 942)*

    Plaintiffs hereby file this Supplemental Memorandum regarding Plaintiffs' Motion for Taxation of Costs (Doc. 942, the "Motion"), in accordance with the Court's March 28, 2017, Order for Supplemental Briefing (Doc. 965, the "Order"), and state as follows:

**SUPPLEMENTAL MEMORANDUM**

    Plaintiffs' Motion is scheduled for hearing on April 6, 2017. Defendants filed an Objection to the Motion asserting objections to several specific categories of costs (Doc. 955, the "Objection"). In the Objection, Defendants maintain they should not be responsible for paying certain portions of Plaintiffs' litigation costs associated with prosecuting this action.

Specifically, Defendants claim the following costs are not taxable under 28 U.S.C § 1920:

- Process Server Fees;
- Transcript fees;
- Copy costs;[1]
- Postage;
- Pacer fees; and
- Court-ordered mediator fees.

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party" "[u]nless a federal statute, [the federal] rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer*, *L.P.* v. *MPW Indus*. *Servs.*, *Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. 28 U.S.C. § 1920.

As an initial matter, pursuant to *U.S. EEOC v. W&O, Inc.,* 213 F.3d 600, 624 (11th Cir. 2000), <u>private process server fees are allowable as taxable costs under § 1920(1)</u>. As such, Defendants' objection to process server fees must be overruled.

---

[1] Plaintiffs acknowledge that the case law does not support their recovery of (a) postage, or (b) Pacer fees and modifies its request to exclude those categories.

2

Further, transcript fees for items reasonably necessarily obtained are taxable as costs pursuant to 28 U.S.C. § 1920(2). *See also Osahar v. United States Postal Servs.*, 136 Fed. App'x 259, 261 (11th Cir. 2005). Here, all the transcript fees were necessarily obtained for use in the case. As such, they should be permitted to be taxes as costs against Defendants.

In addition, fees for exemplification and copy costs are recoverable if they are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). *See also W&O, Inc.,* 213 F.3d at 620-21. In this instance, all of the costs associated with making copies were necessarily obtained for use in the case.

Although § 1920 makes no reference to mediation costs, this Court directed the parties to attend mediation. As such, equity demands that this cost be taxable to Defendants. For instance, the Bankruptcy Court for the Southern District of Florida permits mediator costs if ordered by the Court and directed to be taxed as costs. *See* Exhibit A, Guidelines for Taxation of Costs by the Clerk, United States Bankruptcy Court for the Southern District of Florida, Subsection VIII, Mediation.

Pursuant to Fed. R. Civ. P. 54(d)(1), the Court should allow costs to the prevailing party absent a federal statute, Federal Rule of Civil Procedure, or court order providing otherwise. In this regard, a strong presumption exists in favor of awarding the costs requested by Plaintiffs. *See Arcadian Fertilizer, L.P.* 249 F.3d at 1296.

WHEREFORE, and based on the foregoing, Plaintiffs respectfully request that this Honorable Court enter an order: (i) overruling Defendants' Objection; and (ii) granting such other and further relief as the Court deems appropriate under the circumstances.

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

Respectfully submitted this 3rd day of April, 2017.

**WILCOX LAW FIRM**

/s/ *Robert Wilcox*
Robert D. Wilcox
Florida Bar No.: 755168
Elizabeth R. P. Bowen
Florida Bar No. 97297
814 North Highway A1A, Suite 202
Ponte Vedra Beach, FL 32082
Telephone: (904) 405-1248
rw@wlflaw.com
eb@wlflaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed through the ECF system on April 3, 2017, which will cause a copy to be served on all parties who have appeared and consented to such service. In addition, I have caused a copy to served either by U.S. mail or by electronic mail, to:

| | |
|---|---|
| Keith L. Bell, Jr., Esq.<br>Trevor A. Thompson, Esq.<br>Clark, Partington, Hart et al.<br>106 E. College Ave., Ste. 600<br>Tallahassee, Florida 32301 | Ryan Davis, Esq.<br>Winderweedle, Haines, Ward &<br>Woodman, P.A.<br>PO Box 1391<br>Orlando, FL  32802-1391 |
| | Justin M. Luna, Esq.<br>Latham, Shuker, Eden & Beaudine, LLP<br>111 N. Magnolia Ave., Suite 1400<br>Orlando, FL 32801 |

/s/ *Robert Wilcox*
Robert D. Wilcox, Attorney

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

**GUIDELINES FOR TAXATION OF COSTS BY THE CLERK**

The following is a statement of the custom of the court concerning costs permitted to be taxed by the clerk in adversary proceedings, contested matters, miscellaneous proceedings and appeals pursuant to 28 U.S.C. §1920, Local Rules 7054-1 and 8021-1 and Bankruptcy Rules 7054, 8021 and 9014. Items listed below requiring order of the court will be taxed by the clerk in the Bill of Costs only if such order is timely obtained by the deadline for filing the Bill of Costs and such order sets forth exact amount clerk is to tax. (See Local Form "Bill of Costs")

I.   **Fees of the Clerk**

The following items are taxable:

    a.   Filing fee for adversary complaint

    b.   Fee for filing or indexing any paper not in a case or proceeding for which a filing fee has been paid.

    c.   Filing fee for removal action.

    d.   Fee on interest earned on registry deposits.

The following item is not taxable:

Filing fee in an adversary proceeding instituted by the debtor (except for a chapter 11 debtor).

II.  **Service Fees**

The following items are taxable:

    a.   Service fees for summons, attachment and other process.

    b.   Service fees for trial subpoenas.

    c.   Service fees for deposition subpoenas for depositions taxed as costs.

    d.   Publication fees where service by publication is ordered by the court.

CG-2 (rev. 12/01/15)

# EXHIBIT A

The following item is not taxable:

> Service fees for discovery subpoenas

III. **Fees of court reporter for all or any part of the transcript necessarily obtained for use in the case**

  a. The costs of the original of a trial transcript, daily transcript (see "c" below) and of a transcript of matters prior or subsequent to trial, is taxable -

   (1) when requested by the court. Mere acceptance for filing does not constitute a request.

   (2) at trial stage when, prior to incurring expense, the court determines that it is necessary.

   (3) prepared pursuant to stipulation of parties with agreement to tax as costs.

   (4) when used on appeal.

  b. If forma pauperis party prevails, and the United States paid for the transcript, it is taxed in favor of the United States.

  c. Daily transcript (when taxable) is taxed at ordinary rate unless there exists (a) advance determination by court that it is to be taxed or (b) agreement of parties to tax.

The following items are not taxable:

  a. Costs of copies

  b. Costs of daily copy solely for convenience of counsel

IV. **Fees of witnesses**

  Fees are provided by statute at the rate in effect when the witness appeared are strictly adhered to. No distinction is made between the fact and expert witness.

  a. Attendance fee - Allowed amount pursuant to 28 U.S.C. §1821 for each day (1) in attendance and (2) days necessarily occupied in

CG-2 (rev. 12/01/15)

# EXHIBIT A

       going to and returning from the place of attendance.

    b.    Travel. Allowed amount pursuant to 28 U.S.C. §1821. When subsistence is allowed, only one round trip is allowed unless the court adjourns for a weekend or for some other reason.

    c.    Miscellaneous allowances. Toll charges, bridges, tunnels, ferries, taxicab between places of lodging and carrier terminals, and parking fees within subpoena jurisdiction as allowed pursuant to 28 U.S.C. §1821(c)(3).

    d.    Subsistence is allowed for witnesses pursuant to 28 U.S.C. §1821 (d).

    e.    Settlements. Trial witnesses' fees are taxed even though they did not appear.

    f.    Corporate parties. Stockholders, directors, officers, and employees of a corporate party are taxed unless the witness is the real party in interest.

The following items are not taxable:

    a.    Discovery witness fees.

    b.    Expert witness fees in an amount exceeding that of any other witness.

    c.    Witnesses beyond subpoena jurisdiction.

V.    **Fees for exemplification and copies of papers necessarily obtained for use in case.**

The following items are taxable:

    a.    Cost of <u>one</u> copy of a document is taxed when introduced into evidence in lieu of original. Copy costs shall be allowed only in the amount set forth in the court's Guidelines for Fee Applications.

    b.    The fee of an official certification or proof re non-existence of a document is taxable when introduced into evidence.

    c.    The cost of securing translation if the document translated is taxable or the translation is necessary for exemplification of matters before the court.

CG-2 (rev. 12/01/15)

# EXHIBIT A

      d.      Exhibits such as maps, graphs, charts, models, surveys and <u>one</u> copy of photographs introduced into evidence.

VI.      **Costs incident to taking depositions**

The following items are taxable -

      a.      Depositions put into evidence.

      b.      Discovery depositions used on motion for summary judgment if the prevailing party in the case prevailed on summary judgment.

      c.      Discovery depositions used to defeat a motion for summary judgment.

      d.      The costs of videotaped deposition allowed only when authorizing order or stipulation provides for taxing of these costs.

      e.      Discovery depositions used for impeachment at a trial or hearing.

VII.      **Interpreters**

Interpreter charges are taxable where the court has determined compensation and directed it to be taxed as costs.

VIII.      **Mediation**

Mediation costs are taxable where the court has determined compensation and directed it to be taxed as costs.

IX.      **Appellate Costs (Bankruptcy Rule 8021)**

The following costs on appeal are taxable in the bankruptcy court for the benefit of the party entitled to costs under this rule -

      a.      The fee for filing the notice of appeal.

      b.      The production of any required copies of a brief, appendix, exhibit, or the record.*

      c.      The reporter's transcript, if needed to determine the appeal.

      d.      Premiums paid for a supersedes bond or other bonds to preserve rights pending appeal.

CG-2 (rev. 12/01/15)

# EXHIBIT A

   e. The preparation and transmission of the record.

Copy costs shall be allowed only in the amount set forth in the court's "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases", "Guidelines for Compensation for Professional Services or Reimbursement of Expenses by Attorneys for Chapter 13 Debtors Pursuant to Local Rule 2016-1(B)(2)(a)," and "Guidelines for Reimbursement to Chapter 7 Trustees for Costs without Prior Court Order Pursuant to Local Rule 2016-1(A)".

CG-2 (rev. 12/01/15)

# EXHIBIT A